UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JACQUELYN M. MEYERS,

                             Plaintiff,

                   v.

ANDREW SAUL,
Commissioner of Social Security,

                           Defendant.
_____

                                                    DECISION AND ORDER

                                                    19-CV-0573L

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner").   The action is one brought pursuant to 42 U.S.C. §405(g) to review the final determination of the Commissioner.

       On November 23, 2015, plaintiff, then fifty-four years old, filed applications for a period of disability and disability insurance benefits, and Supplemental Security Income benefits, under Titles II and XVI of the Social Security Act. Plaintiff alleged an inability to work since May 8, 2015. (Dkt. #5 at 15). Her applications were initially denied.

       Plaintiff requested a hearing, which was held on February 16, 2018 before Administrative Law Judge ("ALJ") Maria Herrero-Jaarsma. The ALJ issued a decision on May 2, 2018, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #5 at 15-28). That decision became the final decision of the Commissioner when the Appeals Council denied review on March 6, 2019. (Dkt. #5 at 1-3). Plaintiff now appeals.

The plaintiff has moved for judgment remanding the matter for further proceedings (Dkt. #10), and the Commissioner has cross moved (Dkt. #12) for judgment on the pleadings, pursuant to Fed. R. Civ. Proc. 12(c). For the reasons that follow, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the decision appealed-from is affirmed.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation, familiarity with which is presumed.  *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).   The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards.   *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision recites detailed findings of fact and identifies the evidence of record upon which the ALJ's conclusions rest. Upon a careful review of the record, I believe that the ALJ applied the correct legal standards, and that her finding that plaintiff is not totally disabled is supported by substantial evidence.

In assessing plaintiff's application, the ALJ summarized plaintiff's medical records reflecting treatment for lumbar degenerative disc disease with radiculopathy of the left lower extremity, and somatoform disorder (mental disorder manifesting in physical symptoms that cannot be fully explained by a general medical condition or other mental disorder), which she determined together constituted a severe impairment not meeting or equaling a listed impairment. The ALJ also considered the effects of plaintiff's diagnoses of depression, anxiety and post-traumatic stress disorder ("PTSD"), although the ALJ concluded that these were non-severe impairments. (Dkt. #5 at 20).

2

The ALJ applied the special technique for mental impairments and found that plaintiff has mild limitations in understanding, remembering and applying information, mild to moderate limitations in interacting with others (with "mild" limitations posed by PTSD, depression and anxiety, and "moderate" limitations attributed to somatoform disorder), mild limitations in concentration, persistence and pace, and mild limitations in adapting or managing herself.

The ALJ concluded that plaintiff retains the residual functional capacity ("RFC") to perform sedentary work, but must be able to alternate between sitting and standing for 5 minutes out of every hour without increasing time off task. She can no more than occasionally push, pull, climb ramps or stairs, balance on level surfaces, stoop, kneel, and crouch. She can never crawl. She is left hand dominant, and can reach frequently toward the front and sides, but no more than occasionally overhead, with her left arm. She cannot tolerate exposure to unprotected heights, moving machinery, moving mechanical parts, or loud noise. Finally, she can no more than frequently interact with supervisors, coworkers, and/or the public. (Dkt. #5 at 23).

I believe the evidence supports the ALJ's conclusion that plaintiff was not totally disabled, due to the ALJ's finding, supported by vocational expert testimony, that plaintiff's RFC permits her to return to her past relevant work as a personnel manager. (Dkt. #5 at 23-28, 70-72).

I.      **The ALJ's Assessment of Plaintiff's PTSD and Weighing of the Medical Opinions of Record Related to PTSD**

Plaintiff chiefly argues that the ALJ failed to appropriately identify plaintiff's PTSD as a severe impairment, or to properly weigh the medical opinions of record concerning PTSD-related limitations.

The ALJ found plaintiff's PTSD to be non-severe, based on: (1) the July 8, 2016 opinion of examining psychologist Dr. Karen Klementowski, a Veteran's Administration physician who also reviewed plaintiff's military service treatment records and personnel records and opined that

3

plaintiff's PTSD caused no more than "mild" symptoms; and (2) plaintiff's June 15, 2016 disability assessment from the Veterans Administration, which found her to be "0% disabled" relative to PTSD. (Dkt. #5 at 391, 616-29).[1] Plaintiff argues that in so doing, the ALJ overlooked contrary evidence, including: (1) a portion of Dr. Klementowski's opinion which noted that plaintiff's PTSD had caused occasional decreases in work efficiency and intermittent periods of inability to perform occupational tasks (Dkt. #5 at 626); and (2) an opinion by consulting psychologist Dr. Janine Ippolito (Dkt. #5 at 379-83), who opined that plaintiff's PTSD and depressive disorder caused "moderate" limitations in social interaction and dealing with stress.

I find no error in the ALJ's finding that plaintiff's PTSD was non-severe, or in her analysis of the medical opinion evidence concerning the effect of plaintiff's PTSD on her ability to perform work-related functions.

First, Dr. Klementowski's conclusion that the overall impact of plaintiff's symptoms was "mild" was not facially inconsistent with her observation that plaintiff's symptoms had "intermittent[ly]" diminished plaintiff's efficiency. Indeed, Dr. Klementowski's conclusion that the plaintiff's limitations were "mild" explicitly took all of her PTSD symptoms, including the periods of distraction and decreased efficiency that plaintiff had described, into account. *See* Dkt. #5 at 629 (Dr. Klementowski: "[although plaintiff's] PTSD symptoms occasionally interfere with her ability to complete tasks at home . . . she is generally functioning at home in terms of such activities as cleaning, working around the house, and doing yard work; bathing regularly; and leaving her house every day to go to work, and for appointments, food shopping, and errands . . .

---

[1] The VA's assessment did find plaintiff to have an overall service-related disability of 20%, based solely on her combined exertional impairments: 10% for degenerative arthritis of the spine, and 10% for associated left lower extremity radiculopathy. (Dkt. #5 at 391). PTSD was assessed at 0% based upon the VA's finding that plaintiff's "symptoms are not severe enough either to interfere with occupational and social functioning or to require continuous medication." *Id.*

[t]hus, despite her positive endorsement of the symptoms of 'disorientation to time or place' and 'spacial disorientation,' the overall level at which the [plaintiff's] PTSD interferes with her social and occupational functioning is generally mild").

While the VA's assessment of plaintiff's PTSD-related disability as "0%" was not binding on the ALJ, the ALJ's consideration of the assessment was not improper. "In the Second Circuit, the VA's determination of disability is generally entitled to 'some weight,' though it is not dispositive on the issue of whether a claimant is disabled for the purpose of Social Security benefits." *Machia v. Astrue*, 670 F. Supp. 2d 326, 334-35 (D. Vt. 2009) (quoting *Hankerson v. Harris*, 636 F.2d 893, 896-97 (2d Cir. 1980)). Although plaintiff contends (and evidently told her treating therapist on August 29, 2016 and January 13, 2017) that her service-related disability assessment was 50%, the record does not contain any VA records substantiating such a claim. (Dkt. #5 at 631, 636).

To the extent that the ALJ gave Dr. Ippolito's opinion "little" weight and thus did not consider it sufficient to establish that PTSD was a "severe" impairment or that plaintiff had "moderate" limitations in social interaction and dealing with stress, I find that the ALJ's analysis was not erroneous. (Dkt. #5 at 379-83). The ALJ cited evidence of record which supported her conclusion, and explained her reasons for assigning little weight to Dr. Ippolito's opinion, including Dr. Ippolito's lack of a longitudinal treatment history with plaintiff, treatment records showing improvement with psychological counseling such that plaintiff was able to discontinue psychiatric medications less than a year after beginning mental health therapy, and the extent of plaintiff's daily activities, which included living independently, performing personal care, taking care of housekeeping tasks, shopping, managing her own funds, and driving. (Dkt. #5 at 21). These factors were appropriately considered by the ALJ, and her findings were supported by substantial

5

evidence. I find no basis to disturb them. *See generally Clark v. Commissioner*, 2020 U.S. Dist. LEXIS 164635 at *16-*17 (W.D.N.Y. 2020) (a medical opinion's inconsistency with treatment records, activities of daily living, and other medical opinions of record, are good and sufficient reasons to discount it).

The Court further notes that even assuming *arguendo* that the ALJ's failure to credit the moderate limitations in social interaction and stress described by Dr. Ippolito was erroneous, such error would have been harmless. At the hearing, the vocational expert identified several representative positions that plaintiff could perform even if her RFC had included the additional limitations of no more than occasional interaction with supervisors, coworkers, and the general public, and a restriction to simple, low-stress work: document preparer, touchup screener, and stuffer. (Dkt. #6 at 72-74). *See generally Gomez v. Commissioner*, 2020 U.S. Dist. LEXIS 49261 at *11 (W.D.N.Y. 2020) (a limitation to simple tasks in a low-stress environment accounts for up to marked limitations in dealing appropriately with stress); *Winn v. Commissioner*, 2017 U.S. Dist. LEXIS 9987 at *30 (N.D.N.Y. 2017) (moderate limitations in social interaction are appropriately accounted-for by a limitation to "occasional interaction with co-workers, supervisors, and the general public"); *Frost v. Colvin*, 2017 U.S. Dist. LEXIS 93439 at *4-*5 (W.D.N.Y. 2017) (collecting cases, and noting that a limitation to occasional or limited contact with others is sufficient to account for moderate limitations in social functioning).

Because there were positions in the economy that plaintiff could perform even if Dr. Ippolito's opinion had been fully credited and all of the PTSD-related limitations it described had been included in the ALJ's RFC finding, any error by the ALJ in discounting it would not have changed the outcome of the ALJ's disability determination.

On balance, I find that the ALJ gave due consideration to plaintiff's PTSD-related limitations and properly weighed the medical opinions of record, that her RFC finding is supported by substantial evidence of record, and that the record simply does not support plaintiff's claim of total disability. There is no dispute that the plaintiff's past relevant work as a personnel manager is consistent with the RFC determined by the ALJ. As such, I find no reason to modify the ALJ's decision.

## CONCLUSION

The plaintiff's motion for judgment on the pleadings (Dkt. #10) is denied, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #12) is granted. The Commissioner's decision that plaintiff was not disabled is in all respects affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
　　　　September 16, 2020.